[No. 1476. Decided March 16, 1895.]

FIRST NATIONAL BANK OF ABERDEEN, *Respondent*, v. JULIUS ANDREWS, *Appellant*.

APPEAL — STATEMENT OF FACTS — NOTICE OF FILING — DISMISSAL.

Under Laws 1893, p. 114, § 9, the failure of appellant to serve written notice of the filing of a proposed statement of facts upon a party who has appeared in the cause, although not such an irregularity as to work a loss of jurisdiction, is ground for striking the statement, and for affirmance of the judgment below, when there is no question for review outside the statement of facts.

*Appeal from Superior Court, Chehalis County.*

*Hogan & McGerry*, and *Ben Sheeks*, for appellant.

*Wm. O. McKinlay, Linn & Bridges*, and *Austin E. Griffiths*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent moves the court to strike the statement of facts from the files herein, and to dismiss the appeal, upon the grounds that no notice of filing the statement of facts was ever served upon de-

fendant Keith, and that no notice, either written or oral, was ever given the defendant Keith of the filing, signing or settling of the said statement of facts by the appellant, or by any one for him.

It appears from the record that the defendant Keith filed an answer in this cause in the court below, and thereby appeared in the action. A proposed statement of facts was prepared by the appellant, and filed and served upon the respondent bank, but it is admitted that no notice of the filing thereof was ever served upon the defendant Keith.

Sec. 9, ch. 60, Laws 1893, provides that—

"A party desiring to have a bill of exceptions or statement of facts certified must prepare the same as proposed by him, file it in the cause and serve a copy thereof on the adverse party, and shall also serve written notice of the filing thereof on any other party who has appeared in the cause. Within ten days after such service any other party may file and serve on the proposing party, any amendments which he may propose to the bill or statement. Either party may then serve upon the other a written notice that he will apply to the judge of the court before whom the cause is pending or was tried, at a time and place specified, . . . to settle and certify the bill or statement." Laws 1893, p. 114.

It is urged on behalf of the appellant that inasmuch as the statement of facts in this cause had been properly certified by the trial court, this court has no authority to set it aside or disregard it, for the reason that the same act provides (Laws 1893, p. 116, § 13) that:

"The certifying of a bill of exceptions or statement of facts provided for by this act, and the filing and service of the proposed bill or statement, the notice of application for the settlement thereof, and all other steps and proceedings leading up to the making of the

certificate, shall be deemed steps and proceedings in the cause itself, resting upon the jurisdiction originally acquired by the court in the cause, and no irregularity or failure to pursue the steps prescribed by this act on the part of any party, or the judge, shall affect the jurisdiction of the judge to settle or certify a proper bill of exceptions or statement of facts."

This statute has so changed the former law that the matters therein mentioned which were formerly deemed jurisdictional are no longer such; but does it necessarily follow that a statement of facts, which has not been served in accordance with law, is a proper statement of facts, even under this provision of the statute? As will be seen, the object in requiring the notice of the filing of the statement to be served on all the parties who have appeared in the action is to give such parties an opportunity to propose any amendment or amendments they may desire to have made to such statement. It may, therefore, be taken as true that the statement of facts certified by the court is a statement of the facts under the circumstances as they appeared at the time of the certification. But it may be that if a proper notice had been served upon the defendant Keith, as required by law, he would have interposed amendments to the statement, which would have been inserted therein by the court. While this failure to give the notice does not affect in any way the jurisdiction of the court to settle and certify a statement of facts, we think it cannot be said that the statement in question was a proper statement of facts in this cause. We think that a proper statement must be such a one as has been settled after all notices have been given to the parties, as prescribed by law. This court has many times held that statements of facts must be stricken from the record if not properly served upon the parties

who appeared in the action. The motion to strike the statement will, therefore, be granted. This, however, does not authorize us to dismiss this appeal. But as there is nothing for the court to determine without a statement of facts, the judgment of the court below must be affirmed.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.